Dear Executive Director Woody,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following questions:
 1. If a seller of real estate is assisted by a real estate broker and the purchaser is not assisted by a real estate broker do Oklahoma's broker relationship statutes, 59 O.S. 2001, §§ 858-351-858-363, require the seller's broker to act as transaction broker for the purchaser in a real estate transaction?
 2. If not, is the seller's broker required to make a broker relationship disclosure to the purchaser, pursuant to 59 O.S. 2001, § 858-356, and obtain confirmation of such disclosure?
 3. Can purchasers represent themselves or obtain other appropriate legal assistance in real estate transactions?
 I. Oklahoma's Broker Relationship Statutes, 59 O.S. 2001, §§ 858-351-858-363, Do Not Require The Seller's Broker To Act As Transaction Broker For The Purchaser In A Real Estate Transaction In Which The Purchaser Is Not Assisted By A Real Estate Broker.
¶ 1 Oklahoma's broker relationship statutes, 59 O.S. 2001, §§ 858-351-858-363, were enacted in 2000 to, among other things, "replace and abrogate the fiduciary or other duties of a broker to a party based on common law principles of agency." Id. § 858-360. The broker relationship statutes establish two types of relationships between brokers[1] and the parties[2]
they assist in real estate transactions: brokers may act as either "transaction brokers" or as "single-party brokers" for the parties they assist.
¶ 2 A "transaction broker" is a broker who assists[3] a party with any of the real estate activities enumerated in the definition of real estate broker,[4] "without being an advocate for the benefit of that party." Id. § 858-351(5). A "single-party broker" is a broker who has entered into a written brokerage agreement with a party in a transaction to provide services for the benefit of that party. Id. § 858-351(3).
¶ 3 By definition, a transaction broker is one who assists a party with a real estate transaction. Id. § 858-351(5). In the question presented, it is assumed the purchaser has not been assisted by the seller's broker and has not requested assistance from the seller's broker. Nothing in Oklahoma's broker relationship statutes, 59 O.S. 2001, §§ 858-351-858-363, requires the seller's broker to act as transaction broker for the purchaser in a real estate transaction in which the purchaser is not assisted by a real estate broker.
 II. Because The Seller's Broker Is Not Required To Act As Transaction Broker For The Purchaser In A Real Estate Transaction In Which The Purchaser Is Not Assisted By A Real Estate Broker, The Seller's Broker Is Not Required To Make A Broker Relationship Disclosure To The Purchaser Or Obtain Confirmation Of Such Disclosure.
¶ 4 The broker relationship statutes require certain broker relationship disclosures to be made by brokers acting as transaction brokers or single-party brokers for the parties they are assisting in transactions. 59 O.S. 2001, § 858-356[59-858-356](A)-(D). Before a party signs a contract to purchase, lease, option or exchange real estate, the broker must disclose in writing the broker's relationship as a transaction broker or single-party broker to the party the broker is assisting. Id. § 858-356(B), (E). The broker must also obtain the signature of the party the broker is assisting on such broker relationship disclosure. Id.
§ 858-356(E). Specifically Section 858-356 provides:
 A. Prior to the signing by a party of a contract to purchase, lease, option or exchange real estate, a broker who is performing services as a transaction broker without a written brokerage agreement shall describe and disclose in writing the broker's role to the party.
 B Prior to entering into a written brokerage agreement as either a transaction broker or single-party broker, the broker shall describe and disclose in writing the broker's relationship to the party.
 C. A transaction broker shall disclose to the party for whom the transaction broker is providing services that the party is not vicariously liable for the acts or omissions of the transaction broker.
 D. A single-party broker shall disclose to the party for whom the single-party broker is providing services that the party may be vicariously liable for the acts or omissions of a single-party broker.
 E. The disclosures required by this section and the consent required by Section 5 of this act[5] must be confirmed by each party in writing in a separate provision, incorporated in or attached to the contract to purchase, lease, option, or exchange real estate. In those cases where a broker is involved in a transaction but does not prepare the contract . . . compliance with the disclosure requirements must be documented by the broker.
Id. (emphasis added).
¶ 5 The Legislature has only required broker relationship disclosures to be made in four instances: "[by] a broker who is performing services as a transaction broker without a written brokerage agreement," (id. § 858-356(A)); "[p]rior to entering into a written brokerage agreement as either a transaction broker or single-party broker," with a party, (id. § 858-356(B)); "[by] [a] transaction broker . . . to the party for whom the transaction broker is providing services,"(id. § 858-356(C)); and "[by] [a] single-party broker . . . to the party for whom the single-party broker is providing services." Id. § 858-356(D). Nothing in Section 858-356, nor anywhere else in the broker relationship statutes, imposes a duty on a broker to make a broker relationship disclosure to a party the broker is not assisting in a transaction as either a transaction broker or single-party broker. Instead, the disclosure requirements imposed on a broker by Section 858-356(A)-(D) apply only to parties the broker is assisting as a transaction broker or single-party broker.
¶ 6 In the question presented, because the seller's broker is not acting as a transaction broker or single-party broker for the purchaser, and nothing in the broker relationship statutes requires the seller's broker to act as broker for the purchaser, the broker is not required to make a broker relationship disclosure to the purchaser.
¶ 7 Title 59 O.S. 2001, § 858-356[59-858-356](E), which says "[t]he disclosures required by [§ 858-356(A)-(D)] . . . must be confirmed by each party in writing," should be interpreted as requiring written confirmation only from those parties the broker is required to make a broker relationship disclosure to, as required by Section 858-356. In other words, a broker need not obtain the written confirmation required by Section 858-356(E) from a party the broker is not assisting and with whom the broker has no broker relationship. A reading of Section 858-356 as a whole indicates this interpretation to be correct. In construing a statute, "the fundamental rule of statutory construction is to ascertain and . . . give effect to the intention and purpose of the Legislature" by considering the language of the statute as a whole in light of its general purpose. Pub. Serv. Co. v. Stateex rel. Corp. Comm'n, 842 P.2d 750, 752 (Okla. 1992). It does not make sense to require a broker to obtain confirmation that the broker made a broker relationship disclosure to the purchaser when the broker is not even required to make such a disclosure to a purchaser who is not being assisted by the broker as a transaction broker or single-party broker.
¶ 8 Consequently, in the question presented, because the seller's broker is not assisting the purchaser as a transaction broker or single-party broker in the real estate transaction, and the broker is therefore not required to make a broker relationship disclosure to the purchaser, the broker is not required to obtain written confirmation from the purchaser that the broker made a broker relationship disclosure to said purchaser.
 III. Purchasers May Represent Themselves In Real Estate Transactions And Need Not Hold A Real Estate License To Purchase Real Estate For Their Own Use, Or The Purchasers May Seek Other Appropriate Legal Representation.
¶ 9 Title 59 O.S. 2001, § 858-301[59-858-301] specifically exempts from real estate licensure requirements purchasers acquiring real estate for their own use, thereby allowing such purchasers the right to represent themselves in real estate transactions. Section 858-301 provides in pertinent part:
¶ 10 It shall be unlawful for any person to act as a real estate licensee, or to hold himself or herself out as such, unless the person shall have been licensed to do so under this Code. However, nothing in this section shall:
 1. Prevent any person, partnership, association or corporation, or the partners, officers or employees of any partnership, association or corporation, from acquiring real estate for its own use. . . .
Id. (emphasis added).
¶ 11 Consequently, purchasers may represent themselves and need not hold real estate licenses to purchase real estate for their own use. Purchasers may also acquire other appropriate legal assistance to assist them in real estate transactions, as this section also exempts from real estate licensure attorneys-at-law performing duties as attorneys for purchasers. Id. 858-301(2), (3).
¶ 12 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. Oklahoma's broker relationship statutes, 59 O.S. 2001, §§ 858-351-858-363, do not require the seller's broker to act as transaction broker for the purchaser in a real estate transaction in which the purchaser is not assisted by a real estate broker and the seller's broker is not providing assistance to the purchaser. What activities constitute a broker's "assistance" to a purchaser in a real estate transaction are not defined by the broker relationship statutes and is a fact question beyond the scope of an official Attorney General Opinion.
74 O.S. 2001, § 18b(A)(5).
 2. Because Oklahoma's broker relationship statutes,
59 O.S. 2001, §§ 858-351-858-363, do not require a seller's broker to act as a transaction broker for the purchaser in a real estate transaction in which the purchaser is not assisted by a real estate broker and the seller's broker is not providing assistance to the purchaser, the broker is not required to make a broker relationship disclosure to the purchaser or obtain confirmation of such disclosure.
 3. Purchasers may represent themselves when purchasing real estate for their own use without holding a real estate license. Id. § 858-301(1). Real estate purchasers may also acquire other appropriate legal assistance to assist them in real estate transactions. Id. § 858-301(3).
W.A. DREW EDMONDSON Attorney General Of Oklahoma
JANIS W. PRESLAR Assistant Attorney General
[1] For purposes of the broker relationship statutes, "broker" means a real estate broker, as defined in 59 O.S. 2001, § 858-102[59-858-102](2), an associated broker associate, a sales associate, or a provisional sales associate authorized by a real estate broker to provide brokerage services. A real estate broker is "any person, partnership, association or corporation, foreign or domestic, who for a fee, commission or other valuable consideration, or who with the intention or expectation of receiving or collecting a fee, commission or other valuable consideration, lists, sells or offers to sell, buys or offers to buy, exchanges, rents or leases any real estate, or who negotiates or attempts to negotiate any such activity, or solicits listings of places for rent or lease, or solicits for prospective tenants, purchasers or sellers, or who advertises or holds himself out as engaged in such activities[.]" Id.
[2] "Parties" include sellers, buyers, landlords, tenants and persons who are involved in options and exchanges. Id. § 858-351(2).
[3] What activities constitute a broker's "assistance" to a party in a real estate transaction are not defined by the broker relationship statutes and is a fact question beyond the scope of an official Attorney General Opinion. 74 O.S. 2001, § 18b[74-18b](A)(5).
[4] For the real estate activities enumerated in the definition of "real estate broker," 59 O.S. 2001, § 858-102[59-858-102](2), see the definition of "real estate broker" above at footnote 1.
[5] Title 59, § 858-355 (Requiring brokers to obtain from the parties they are assisting, in a real estate transaction, the parties' consent to the brokers acting as transaction brokers or single-party brokers for said parties.).